```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NONSO UDEOGU,

                             Plaintiff,
                                                                    REPORT &
                                                                    RECOMMENDATION
          -against-                                                 23-CV-2738-RPK-SJB

INTERCONTINENTAL CAPITAL, CALIBER
HOMES LLC LOANS INC., NEWREZ LLC d/b/a
SHELLPOINT MORTGAGES SERVICING, and
JOHN DOES 1–10,

                             Defendants.
----------------------------------------------------------------X
```

**BULSARA, United States Magistrate Judge:**

Plaintiff Nonso Udeogu ("Plaintiff" or "Udeogu"), proceeding *pro se*, filed this action against Intercontinental Capital Group ("ICG"), Caliber Homes Loans, Inc. ("Caliber"), and Newrez LLC d/b/a Shellpoint Mortgages Servicing ("Shellpoint," and collectively, "Defendants"). He alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, the Real Estate Settlement and Procedures Act of 1974, as amended ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"). Defendants have moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court respectfully recommends that the Defendants' motion to dismiss be granted, but that Plaintiff be given leave to file an amended complaint.[1]

---

[1] On July 18, 2023, Judge Kovner issued an order to show cause because Plaintiff had failed to properly serve Defendants. (Order to Show Cause dated July 18, 2023). Judge Kovner directed Udeogu to properly serve Defendants and file proof of service on the docket by August 18, 2023. (*Id.*). The order warned that if service was not effectuated by that date, the action would likely be dismissed. (*Id.*). Plaintiff filed proof of service as to Defendant Shellpoint on the docket, (Shellpoint Summons Return

## FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of this motion, the Court is "required to treat" the Complaint's "factual allegations as true, drawing all reasonable inferences in favor of [the Plaintiff] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). The Court "therefore recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the court, as we have no way of knowing at this stage what are the true facts." *Id.* In addition to the allegations in the Complaint, the Court considers documents that are incorporated by reference, documents which are integral to the pleading, and documents of which the Court takes judicial notice, including those filed in another court proceeding. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference in the complaint, the court may nevertheless consider it where the complaint

---

Executed dated Aug. 18, 2023, Dkt. No. 7) but did not file proof of service of any other Defendants. Though not properly served, Defendant Caliber appeared in the action. (Notice of Appearance for Caliber and Shellpoint dated Sept. 8, 2023, Dkt. No. 12). Plaintiff failed to comply with Judge Kovner's order to file proof of service as to all Defendants by August 18, 2023, and ICG still has not appeared in the action. Accordingly, the Court recommends Udeogu's claims against ICG be dismissed without prejudice. Fed. R. Civ. P. 4(m) ("[T]he court . . . must dismiss the action without prejudice[.]"); *Cioce v. Cnty. of Westchester*, 128 F. Appx 181, 183 (2d Cir. 2005) ("Rule 4(m) provides that the district court shall, upon motion or on its own initiative after notice to the plaintiff, dismiss without prejudice any action in which service of the summons and complaint has not been made."); *e.g.*, *Klein v. Zugabie*, No. 20-1975-CV, 2021 WL 5313708, at *2 (2d Cir. Nov. 16, 2021) ("[T]he District Court also properly dismissed Klein's malicious prosecution and conspiracy claims against police officers Beltempo and Scorziello because they were never served with a summons.").

relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." (quotations and citation omitted)); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (quotations omitted)).

When a party proceeds *pro se*, the Court must liberally construe the litigant's submissions and interpret them to raise the strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted).

Udeogu's lawsuit, broadly speaking, challenges the mortgage and subsequent foreclosure of 145-54 107th Ave., Jamaica, NY, 11435 (the "Subject Property"), alleging that Defendants violated TILA, Regulation Z, RESPA, and ECOA. (Compl. dated Apr. 12, 2023 ("Compl."), Dkt. No. 1). Udeogu alleges that certain documents failed to disclose the true costs of the "[t]ransaction," which appears to refer to the mortgage and assignments of his loan. (*Id.* ¶ 22; *id.* at 9). For example, he alleges that he was not provided any copies of the "Notice of Right to Cancel" his mortgage and certain material disclosures, among other documents. (*E.g.*, *id.* ¶¶ 23–24).

Udeogu asks the Court to rescind the transaction; terminate of any security interest in his property; return all money or property paid by him; enjoin Defendants from instituting, prosecuting, or maintaining a judicial foreclosure proceeding on the Subject Property; and award statutory damages for disclosure violations and for failure

to respond to his rescission notice; statutory damages pursuant to RESPA; and attorney's fees and costs. (Compl. at 14–15).

In moving to dismiss, Defendants attach a slew of documents to an attorney declaration.[2] These documents include the original 2015 mortgage on the Subject Property (the "Mortgage"), the assignments of the Mortgage, and the documents from the foreclosure proceeding in New York state court. Given the nature of the Plaintiff's claims, the Court deems the Mortgage and its assignments (the Caliber Assignment and

---

[2] In support of their motion to dismiss, Defendants submitted a declaration from counsel, (Decl. of Chong S. Lim in Supp. of Defs.' Mot. to Dismiss ("Lim Decl."), Dkt. No. 13-2), which annexed the following relevant documents: (1) a mortgage executed by Plaintiff on March 31, 2015, (Mortgage dated Mar. 31, 2015 ("Mortgage"), attached as Ex. 1 to Lim Decl., Dkt. No. 13-3); (2) an assignment of the Mortgage from ICG to Caliber, dated January 21, 2016, (Assignment of Mortgage to Caliber Home Loans, Inc. ("Caliber Assignment"), attached as Ex. 2 to Lim Decl., Dkt. No. 13-4); (3) an assignment of the Mortgage from Caliber to Shellpoint, dated December 22, 2022, (Assignment of Mortgage to Shellpoint ("Shellpoint Assignment"), attached as Ex. 3 to Lim Decl., Dkt. No. 13-5); (4) a copy of the summons and complaint filed in the state court foreclosure action in New York Supreme Court, Queens County, captioned *Caliber Home Loans Inc. v. Nonso F. Udeogu, et al.*, Index No. 702787/2016 dated March 3, 2016, (Foreclosure Action Complaint, attached as Ex. 6 to Lim Decl., Dkt. No. 13-8), (5) a copy of the Judgement of Foreclosure and Sale dated October 4, 2016, (Judgment of Foreclosure and Sale ("Foreclosure Judgment"), attached as Ex. 10 to Lim Decl., Dkt. No. 13-12); (6) a copy of the order scheduling a traverse hearing dated March 27, 2017, (Order on Traverse Hearing, attached as Ex. 11 to Lim Decl., Dkt. No. 13-13); (7) a copy of the order denying Plaintiff's first order to show cause dated October 3, 2017, (First OTSC Denial dated Oct. 3, 2017, attached as Ex. 12 to Lim Decl., Dkt. No. 13-14); (8) a copy of the order denying Plaintiff's second order to show cause dated December 12, 2018, (Second OTSC Denial dated Dec. 12, 2018, attached as Ex. 13 to Lim Decl., Dkt. No. 13-15); (9) a copy of the order declining to sign Plaintiff's third order to show cause dated October 30, 2019, (Third OTSC Denial dated Oct. 30, 2019, attached as Ex. 14 to Lim Decl., Dkt. No. 13-16); (10) a copy of the order denying Plaintiff's fourth order to show cause dated May 11, 2022, (Fourth OTSC Denial dated May 11, 2022, attached as Ex. 18 to Lim Decl., Dkt. No. 13-20); (11) a copy of the order denying Plaintiff's fifth order to show cause dated February 6, 2023, (Fifth OTSC Denial dated Feb. 6, 2023, attached as Ex. 19 to Lim Decl., Dkt. No. 13-21); (12) a copy of the order declining to sign Plaintiff's sixth order to show cause dated February 15, 2023, (Sixth OTSC Denial dated Feb. 15, 2023, attached as Ex. 20 to Lim Decl., Dkt. No. 13-22); (13) a copy of the Referee's Deed transferring the Subject Property to Shellpoint dated April 20, 2023, (Deed Transfer dated Apr. 20, 2023, attached as Ex. 21 to Lim Decl., Dkt. No. 13-23).

the Shellpoint Assignment) as incorporated by reference into the Complaint. *E.g.*, *Harriott v. Nationstar Mortg. LLC*, No. 17-CV-4748, 2018 WL 4522102, at *1 (E.D.N.Y. Aug. 17, 2018), *report and recommendation adopted*, 2018 WL 4853045, at *9 (Sept. 28, 2018). Separately, the Court takes judicial notice of the foreclosure action records submitted by Defendants. *E.g.*, *id.* From those documents, the Court considers the additional facts on this motion to dismiss.

On March 31, 2015, Udeogu executed a mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for ICG as the mortgagee, encumbering the Subject Property in the amount of $569,494.00. (Mortgage at 1). The Mortgage was recorded in the City Register of the City of New York, Queens County, on April 29, 2015. (*Id.*). The Mortgage was assigned to Caliber on January 21, 2016, and to Shellpoint on December 22, 2022. (Caliber Assignment at 1; Shellpoint Assignment at 1). On March 3, 2016, Caliber commenced a foreclosure action in Queens County Supreme Court, asserting that Udeogu had defaulted on the loan by failing to pay the payment due on July 1, 2015, and subsequent payments. (Foreclosure Action Complaint). Udeogu failed to answer. Caliber moved for judgment of foreclosure and sale, which the court granted on September 29, 2016. (Foreclosure Judgment). The Foreclosure Judgment determined that Udeogu was "barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the property[.]" (*Id.* at 7).

Udeogu moved to vacate the Foreclosure Judgment; the court granted the motion "solely to the extent that a traverse hearing" would be held. (Order on Traverse

Hearing).³ Udeogu failed to appear at the traverse hearing, and the court found he waived his right to vacate the default judgment on the ground that he was not properly served and denied the motion. (First OTSC Denial at 1–2). Udeogu again filed a motion to vacate his default, which was subsequently denied, because the issue had already been adjudicated. (Second OTSC Denial at 1–2). Udeogu moved to vacate the default a third time, and the court declined to sign the motion, finding the time to reargue the previous decision had expired and that Udeogu failed to establish an excusable default or a meritorious defense. (Third OTSC Denial). Udeogu filed three more motions: two to stay the foreclosure sale, and the third to invalidate the sale and stop the recording of the deed. The court declined to sign or denied all three. (Fourth OTSC Denial; Fifth OTSC Denial; Sixth OTSC Denial). On April 20, 2023, the deed to the Subject Property was transferred to Shellpoint. (Deed Transfer).

Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Udeogu's claims are barred by the *Rooker-Feldman* doctrine, are precluded by *res judicata*, are time-barred, and fail to meet the pleading requirements of Federal Rule of Civil Procedure 8. (*See generally* Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem. of Law"), Dkt. No. 13-24). Udeogu did not oppose the motion, despite being served with the motion papers and given notice of his opportunity to respond. (*See* Certificate of Service, attached to Mot. to Dismiss, Dkt. No. 13-25). For the reasons stated below, the Court respectfully recommends the motion be granted.

---

³ "A traverse hearing is a hearing held to determine if proper service has been effectuated." *Ramchandani v. CitiBank Nat'l Ass'n*, 616 F. Supp. 3d 353, 357 n.4 (S.D.N.Y. 2022).

DISCUSSION

Defendants' motion is based on two sets arguments. The first implicates subject matter jurisdiction (the *Rooker-Feldman* arguments). "A case is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Razi Sch. v. Cissna*, 519 F. Supp. 3d 144, 148 (E.D.N.Y. 2021) (alteration omitted) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *DeMaria v. N.Y. State Unified Court Sys.*, No. 23-CV-3627, 2024 WL 1076543, at *3 (S.D.N.Y. Mar. 12, 2024) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

Defendants' second set of arguments (*res judicata*, statute of limitations, and those under Rule 8) go to the merits. Only if the Court concludes that subject matter jurisdiction exists may it proceed to the merits. *See J.J. Cranston Constr. Corp. v. City of New York*, 602 F. Supp. 3d 373, 377 (E.D.N.Y. 2022) ("When a court is faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), the court must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." (quotations omitted)).

"The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of . . . claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018) (citing *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir.

2007)). In deciding such a motion, the Court must "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (quotations and alteration omitted); *Amadei*, 348 F. Supp. 3d at 155 ("[W]hen reviewing a complaint on a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of [the non-moving party].").

Once the facts are construed in the light most favorable to the non-moving party—here, Udeogu—to avoid dismissal, there must be sufficient facts that allege a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotations omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citation omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Escamilla v. Young*

*Shing Trading Co.*, No. 17-CV-652, 2018 WL 1521858, at *2 (E.D.N.Y. Jan. 8, 2018), *report and recommendation adopted*, 2018 WL 1033249, at *3 (Feb. 23, 2018).

    I.    <u>*Rooker-Feldman*</u>

Defendants first argue that this Court lacks subject matter jurisdiction over Udeogu's claims because his claims are barred by the *Rooker-Feldman* doctrine. (Defs.' Mem. of Law at 6–8). "The Supreme Court has explained that *Rooker-Feldman* bars 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). "*Rooker-Feldman* 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 67–68 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The doctrine applies if: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* at 68 (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). Defendants argue that Udeogu's claims are the functional equivalent of an appellate challenge to a lower state court judgment: (1) Udeogu lost in the state court foreclosure action; (2) he complains of an injury caused by that judgment; (3) he seeks "in essence" a declaration that the state court foreclosure action judgment was wrongly decided; and (4) judgment in the state

9

court foreclosure action was entered before Udeogu commenced the action in federal court. (Defs.' Mem. of Law at 8).

The Court agrees that Udeogu's lawsuit meets the first and fourth prongs of the test—Udeogu lost in state court when the Foreclosure Judgment was entered in 2016, and that judgment was rendered before this action was commenced in 2023. (*See* Foreclosure Judgment; Compl.). But as to the other requirements, the analysis is more involved than Defendants posit, and certain of his claims survive the *Rooker-Feldman* bar.

"[T]he second requirement—that the plaintiff complains of an injury *caused* by a state-court judgment—is the 'core requirement from which the other[] [*Rooker-Feldman* requirements] derive.'" *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018) (third alteration in original) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005)). "[T]he following formula guides [a Court's] inquiry: a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are *produced* by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hunter*, 75 F.4th at 71 (quoting *Hoblock*, 422 F.3d at 88). "*Rooker-Feldman* does *not* bar claims based on an opponent's misconduct that *precedes* the state court proceeding, if the plaintiffs' alleged injuries were merely *ratified* by the state-court judgments rather than *caused* by them." *Id.* (quotations omitted). Therefore, "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction[.]" *Saudi Basic Indus. Corp.*, 544 U.S. at 293 (quotations and alterations omitted).

Udeogu makes claims for recission (encompassing his requests for termination of the security interest in the Subject Property, return of his Mortgage payments, and release of any obligation under the mortgage); injunctive relief enjoining Defendants from instituting, prosecuting, or maintaining a judicial foreclosure proceeding or taking other steps to deprive him of ownership; and a declaratory judgment declaring that he has no duty to pay under the Mortgage. These are all injuries caused by the state court judgment granting foreclosure of the property. By requesting these remedies, Udeogu invites the Court to review and invalidate the state court judgment.[4] In other words, these claims satisfy the remaining two prongs of the *Rooker-Feldman* inquiry. The Court, therefore, recommends these claims be dismissed pursuant to Rule 12(b)(1). *See, e.g.*, *Burton v. Wells Fargo Bank, N.A.*, No. 23-CV-5520, 2024 WL 1959064, at *7 (E.D.N.Y. May 4, 2024) (finding claims of wrongful foreclosure were caused by the state court's foreclosure judgment and injunction against sale of property was barred by *Rooker-Feldman*); *Blagrove v. Deutsche Bank Nat'l Tr. Co.*, No. 19-CV-5357, 2021 WL 1601115, at *3 (E.D.N.Y. Apr. 23, 2021) (same); *Harriott*, 2018 WL 4522102, at *5 (same). These claims should be dismissed without prejudice. *Blagrove*, 2021 WL 1601115, at *4.

In contrast, Udeogu's claims for monetary damages under TILA, 15 U.S.C. § 1640; Regulation Z; RESPA, 12 U.S.C. § 2605(f); and the ECOA are not barred by *Rooker-Feldman*. Udeogu alleges that Defendants violated these laws by failing to disclose all required information when he entered into the Mortgage agreement,

---

[4] Though Shellpoint was not a party to the Foreclosure Action, "the *Rooker-Feldman* doctrine does not require that the federal-court defendant have been a party in the prior state court proceeding." *Best v. Bank of Am.*, No. 14-CV-6546, 2015 WL 5124463, at *3 (E.D.N.Y. Sept. 1, 2015).

11

(Compl. ¶ 16, 22–24; *Id.* at 11), and he seeks damages for these disclosure violations. (*Id.* at 15). The second prong of the *Rooker-Feldman* analysis is not met here; it is not the state court judgment that caused Udeogu's alleged injury, but Defendants' alleged behavior at the time of the underlying transaction. And the third prong is also not met: the Court would not need to review and reject the state court judgment to adjudicate these claims for damages, as the alleged violations preceded the state court action, and adjudication would not disrupt the foreclosure. *See Harriott*, 2018 WL 4522102, at *6 (finding plaintiffs' claim for monetary damages under TILA was not barred because the Court would not need to review the state court's foreclosure judgment to adjudicate the claim); *e.g.*, *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 92 (2d Cir. 2012) (holding mortgagor's claims that lender's conduct during and prior to foreclosure, including alleged deceptive and false statements, violated federal and state statutes not barred by *Rooker-Feldman*). Accordingly, the Court proceeds to Defendants' Rule 12(b)(6) arguments for these remaining federal claims.

II. <u>Timeliness and Failure to State a Claim</u>

   A. <u>Truth in Lending Act Claim and Regulation Z</u>

Defendants argue that Udeogu's TILA and Regulation Z claims should be dismissed because they are time-barred. (Defs.' Mem. of Law at 13–14). The Court agrees.

Any action brought under TILA § 1640 "may be brought . . . within one year from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640(e). "[W]here a claim for damages under TILA is premised on the failure to provide material disclosures, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement, or possibly, when defendant performs by transmitting the funds to plaintiff."

*Blagrove*, 2021 WL 1601115, at *3 (quotations and alteration omitted). "Where claims under TILA are time-barred, any claims based on Regulation Z—the regulatory vehicle through which TILA is implemented—are time-barred as well." *Weingot v. Unison Agreement Corp.*, No. 21-CV-4542, 2023 WL 5152478, at *3 (E.D.N.Y. July 20, 2023) (quotations omitted), *report and recommendation adopted*, 2024 WL 1191106, at *1 (Mar. 20, 2024). Udeogu entered into the Mortgage agreement on March 31, 2015. (Mortgage at 1). He claims that he was not provided general disclosures, truth in lending disclosures, or a Notice of Recission prior to entering into the agreement. (Compl. at 9, ¶ 36). But the Complaint was filed on April 12, 2023, over 8 years after the agreement was consummated. Accordingly, Udeogu's TILA and Regulation Z claims are barred by the statute of limitations, and the Court respectfully recommends these claims be dismissed with prejudice.

    B.    <u>Real Estate Settlement Procedures Act Claim</u>

Udeogu alleges that Defendants violated § 2605 of RESPA by failing to provide certain disclosures, including a good faith estimate with an OMB number and statement that disclosed the interest rate, when he entered into the Mortgage agreement on March 31, 2015. (Compl. at 7, ¶ 36). He alleges that he was not provided disclosures "for each sale or transfer of the note to a new party." (*Id.* at 10). Though Udeogu does not specifically allege that he was not provided with notice when the loan was assigned to Caliber in January 2016 and Shellpoint in December 2022, construing the Complaint liberally and making the strongest argument for the *pro se* litigant—and in particular his allegation that notice must be provided at each assignment—the Court finds his Complaint alleges violations of RESPA arising from the assignment to Caliber in January 2016 and Shellpoint in December 2022. *See* 12 U.S.C § 2605(b)(1) ("Each

servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.").

RESPA requires any action under § 2605 to be brought "within 3 years . . . from the date of the occurrence of the violation." *Id.* § 2614.  More than 8 years have passed since the original mortgage transaction, so to the extent that Udeogu alleges any claims arising from the failure to receive disclosures at the time of the mortgage execution, those claims are time-barred and should be dismissed.  *See Redd v. Fed. Nat'l Mortg. Ass'n (Fannie Mae)*, No. 19-CV-1045, 2020 WL 1536596, at *8 (E.D.N.Y. Mar. 31, 2020) (finding plaintiff's claim time-barred under RESPA where the events that could constitute a RESPA violation took place outside the statute of limitations), *appeal dismissed*, No. 20-1270, 2021 WL 4520640, at *1 (2d Cir. Feb. 1, 2021).  Similarly, his RESPA claim arising out of the Caliber Assignment is time-barred since the Caliber Assignment took place on January 21, 2016, over 7 years before this lawsuit was filed.

But Udeogu's RESPA claim arising out of the Shellpoint Assignment, which occurred in December 2022, is within the statute of limitations.  That being said, Udeogu fails to state a RESPA claim.

"[A] plaintiff bringing a RESPA claim must, in addition to showing defendant's failure to comply with the provisions, identify damages that he or she sustained as a result of defendant's alleged violation(s)."  *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 539 (E.D.N.Y. 2015) (Bianco, J.).  Specifically, "[a] plaintiff bringing a § 2605 claim must sufficiently allege one of two types of damages: (1) 'actual damages to the borrower as a result of the failure' to comply with § 2605; or (2) statutory damages 'in the case of a pattern or practice of noncompliance with the requirements' of § 2605."

*Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012) (quoting 12 U.S.C. § 2605(f)).

Udeogu asks for actual damages and "statutory damages as provided by RESPA," but does not provide any factual allegations as to his injury or a pattern or practice of noncompliance with § 2605. This conclusory allegation of harm is insufficient to survive a motion to dismiss. *Izmirligil v. Select Portfolio Servicing, Inc.*, No. 18-CV-7043, 2020 WL 1941319, at *7 (E.D.N.Y. Apr. 22, 2020) ("[T]he courts have consistently dismissed complaints under RESPA if they do not allege actual damages or state merely that in a conclusory fashion the defendant caused damages to the plaintiff." (quotations omitted)) (collecting cases); *Hines v. HSBC Bank USA*, No. 15-CV-3082, 2016 WL 5716749, at *12 (E.D.N.Y. Sept. 30, 2016) ("Hines merely states that she seeks 'statutory damages' and 'actual damages' for her RESPA claim, but provides no factual allegations or support for these damages . . . . Hines does not sufficiently allege how defendants['] failure to comply with RESPA's requirements . . . proximately caused her damages, so she has failed to state a claim under section 2605.").

C.   Equal Credit Opportunity Act

Udeogu alleges, in passing and in a conclusory fashion, that Defendants violated the ECOA. (Compl. at 11). The ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). Nowhere in the Complaint does Udeogu allege any facts that any adverse action—which he does not identify—was based on discrimination. Therefore, the Court recommends that Plaintiff's ECOA claim be dismissed. *E.g.*, *Redd*, 2020 WL 1536596, at *9 (dismissing ECOA claim where plaintiff stated no facts to support the

allegation that defendant sold plaintiff a subprime, toxic, and predatory loan or defendant's motivations for issuing the loan).[5]

III. Leave to Amend

Udeogu did not respond to Defendants' motion to dismiss and has not requested leave to amend his Complaint. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). However, leave to amend may be denied if amendment would be futile. *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).

---

[5] Defendants contend that all of Udeogu's claims are also barred by *res judicata*. (Defs.' Mem. of Law at 9–10). *Res judicata* does not bar his RESPA claim arising out of the 2022 Shellpoint Assignment because the alleged harm occurred after the state Foreclosure Judgment was entered and the prior litigation ceased. *See Wilson v. HSBC Bank, USA*, No. 16-CV-8405, 2018 WL 1449204, at *10 (S.D.N.Y. Mar. 22, 2018) ("[N]ew claims arising subsequent to a prior action are not barred by res judicata, irrespective of whether or not they are premised upon facts stemming from the same course of conduct." (quotations omitted)). His ECOA claim is likewise not barred because in the prior state action, Udeogu (who was the defendant there opposing foreclosure) did not have to raise an ECOA counterclaim (and which, as the *Rooker-Feldman* analysis demonstrates, does not have any nexus to the foreclosure proceeding or impair that judgment). *See Barry v. Perkins*, No. 20-CV-5050, 2022 WL 992530, at *7 (E.D.N.Y. Mar. 31, 2022) ("Because New York does not have a compulsory counterclaim rule, a defendant who fails to assert a counterclaim is not barred by the doctrine of res judicata from subsequently commencing a new action on that claim unless the claim would impair the rights or interests established in the first action." (quotations and alterations omitted)); *Cousins v. Duane St. Assocs.*, 7 F. App'x 85 (2d Cir. 2001) ("Only compulsory, and not permissive, counterclaims are subject to res judicata."); *see, e.g.*, *Renois v. WVMF Funding, LLC*, No. 20-CV-9281, 2024 WL 1313492, at *7 (S.D.N.Y. Mar. 27, 2024) (finding *res judicata* did not bar plaintiff's RESPA and related state law claims where she was not obliged to raise her claims in the state court foreclosure action). And the Court need not reach the *res judicata* bar to the remaining claims (for which leave to amend is not being recommended) in light of the other bases for dismissal.

16

Udeogu's claims for recission, injunctive relief, and a declaratory judgment are barred under *Rooker-Feldman*, and his claims for monetary damages under TILA and Regulation Z are time-barred, so any amendment to these claims would be futile. *See Harriott*, 2018 WL 4522102, at *12 (denying amendment where claims were time-barred and precluded from review by *Rooker-Feldman*); *see also Gross v. Intratek Comput. Inc.*, No. 22-CV-7440, 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) ("Where a complaint has been dismissed for lack of subject matter jurisdiction, denial of leave to amend on the basis of futility may be appropriate."); *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 68 (E.D.N.Y. 2015) ("Courts may deny a motion to amend where the proposed claims would be time-barred and therefore futile."). Any amended RESPA claim arising out of the original mortgage transaction or the Caliber Assignment in 2016 would also be time-barred; however, his claim that Caliber violated § 2605(b)(1) by failing to provide him notice of the assignment to Shellpoint in December 2022 is not time-barred. Accordingly, the Court recommends granting Udeogu leave to amend his Complaint as to his RESPA claim for monetary damages arising from the December 2022 Shellpoint Assignment.

Additionally, because Udeogu did not identify what adverse action was taken against him in violation of the ECOA, the Court cannot determine whether that claim would be time-barred and whether amendment would be futile. The Court therefore recommends Udeogu be granted leave to amend his ECOA claim.

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that Defendants' motion to dismiss be granted. The Court recommends Udeogu's claims for recission, injunctive relief, and a declaratory judgment be dismissed without prejudice

for lack of subject matter jurisdiction, and his claims for monetary relief under TILA, Regulation Z, and his RESPA claims arising out of the mortgage transaction and the Caliber assignment be dismissed with prejudice as time-barred. The Court recommends Udeogu's RESPA claims for monetary damages arising out of the assignment to Shellpoint and his ECOA claim be dismissed without prejudice, with leave to file an amended complaint. Udeogu should be granted 30 days to file an amended complaint, from the date of any decision by Judge Kovner resolving this report and recommendation. But should he fail to file an amended complaint, those claims too should be dismissed with prejudice.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

Defendants are directed to serve a copy of this Report and Recommendation on Plaintiff Udeogu and file proof of service on the docket.

                                                SO ORDERED.

                                                */s/ Sanket J. Bulsara*  June 25, 2024
                                                SANKET J. BULSARA
                                                United States Magistrate Judge

Brooklyn, New York