UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NONSO UDEOGU,

                Plaintiff,

      v.

INTERCONTINENTAL CAPITAL GROUP,
CALIBER HOMES LLC LOANS INC.,
NEWREZ LLC d/b/a SHELLPOINT
MORTGAGES SERVICING, and JOHN DOES
1–10,

                Defendants.
-----------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**
23-CV-2738 (RPK) (SJB)

RACHEL P. KOVNER, United States District Judge:

      Magistrate Judge Bulsara's report and recommendation, recommending that I grant defendants' motion to dismiss and permit plaintiff to amend two of his claims, is adopted in full.

## BACKGROUND

      *Pro se* plaintiff Nonso Udeogu brought this action alleging violations of the Truth in Lending Act ("TILA") and Regulation Z, the Real Estate Settlement and Procedures Act of 1974 ("RESPA"), and the Equal Credit Opportunity Act ("ECOA") in connection with the mortgage and subsequent foreclosure of his home in Jamaica, New York. *See generally* Compl. (Dkt. #1). For relief, plaintiff requests that the Court rescind the mortgage, terminate any security interest in his property created under the mortgage, return all money and property given by plaintiff in connection with the mortgage, enjoin defendants from maintaining a foreclosure proceeding on his home, issue a declaratory judgment that plaintiff has no duty to pay defendants under the mortgage, and award statutory damages. *Id.* at 14–15. Defendants moved to dismiss the complaint

for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. *See* Mot. to Dismiss (Dkt. #13). Plaintiff did not oppose the motion.

On June 25, 2024, Magistrate Judge Bulsara issued a report and recommendation ("R. & R.") recommending that I grant defendants' motion to dismiss but provide plaintiff with leave to file an amended complaint. *See* R. & R. (Dkt. #16). First, Magistrate Judge Bulsara found that the *Rooker-Feldman* doctrine bars plaintiff's claims for recission (encompassing the requests to terminate the mortgage, return plaintiff's mortgage payments, and release obligations under the mortgage), for an injunction preventing defendants from maintaining a foreclosure proceeding, and for a declaratory judgment. *See id.* at 11 ("These are all injuries caused by the state court judgment granting foreclosure of the property. By requesting these remedies, Udeogu invites the Court to review and invalidate the state court judgment."). Second, Magistrate Judge Bulsara found that plaintiff's TILA and Regulation Z claims are barred by the applicable statute of limitations. *Id.* at 13. Third, Magistrate Judge Bulsara found that plaintiff failed to state a claim under section 2605 of RESPA because any claim based on the original mortgage transaction in 2016 would be time-barred, and to the extent plaintiff asserts a claim in connection with a later 2022 mortgage assignment, plaintiff "does not provide any factual allegations as to his injury or a pattern or practice of noncompliance" with the statute. *Id.* at 14–15. Finally, Magistrate Judge Bulsara found that plaintiff failed to state a claim under ECOA because although plaintiff alleges in passing and in a conclusory fashion that defendants violated the statute, "[n]owhere in the Complaint does [plaintiff] allege any facts that any adverse action—which he does not identify—was based on discrimination." *Id.* at 15–16. While finding that amendment would be futile for claims barred by the *Rooker-Feldman* doctrine or a statute of limitations, Magistrate Judge Bulsara recommended that I grant plaintiff leave to amend his complaint as to (1) his RESPA claim for

monetary damages arising from the 2022 assignment and (2) his claim under ECOA. *Id.* at 16–17.

Objections to the R. & R. were due within 14 days of service, and nothing was filed within that period. On July 12, 2024, plaintiff filed a document titled "Amended Complaint." *See* Am. Compl. ("Pl.'s Obj.") 1 (Dkt. #18). Despite the title, the document appears to be an objection to the R. & R., as it responds to the R. & R., *see id.* at 2–4, and requests that the Court "allow [plaintiff] the opportunity to amend his complaint," *id.* at 6. In light of plaintiff's *pro se* status, I construe the portion of the filing that responds to the R. & R. as an objection and, despite its untimeliness, consider the objected-to portions of the R. & R. *de novo*.

## STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine *de novo*" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested, or to which no proper objection has been made, may be reviewed for "clear error," *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted), which will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed," *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).

## DISCUSSION

Plaintiff's objections are overruled, and the R. & R. is adopted in full.

First, in response to Magistrate Judge Bulsara's finding that certain claims are barred by the *Rooker-Feldman* doctrine, plaintiff argues that his "claims are based on independent federal

3

violations under TILA, RESPA, and ECOA," which "address the Defendants' actions before and during the foreclosure process, separate from the state court judgment." *Id.* at 2. Plaintiff's objection lacks merit because Magistrate Judge Bulsara determined that plaintiff's claims for monetary damages under TILA, Regulation Z, RESPA, and ECOA are *not* barred by *Rooker-Feldman*. *See* R. & R. 11–12.

Second, plaintiff objects that while complaints must contain sufficient facts to allege a plausible claim, his complaint "details specific failures by the Defendants to provide required disclosures under TILA and RESPA, and improper handling of the mortgage assignments," which "if proven, support plausible claims under the cited statutes." Pl.'s Obj. 2; *see also id.* at 3 (arguing that the complaint provides detailed factual support insofar as it alleges "specific instances of Defendants failing to provide crucial disclosures, misleading the Plaintiff about loan terms, and improperly handling mortgage assignments"). This objection likewise lacks merit because it does not respond to Magistrate Judge Bulsara's specific reasons for recommending dismissal of plaintiff's TILA and RESPA claims: that the TILA (and Regulation Z) claims are barred by the applicable statute of limitations, *see* R. & R. 12–13, and that plaintiff's RESPA claims fail as a matter of law either because they are time-barred or because plaintiff did not allege any facts as to his injury or a pattern or practice of noncompliance, *see id.* at 13–15.

Third, plaintiff argues that his TILA and RESPA claims are not time-barred because the Foreclosure Abuse Prevention Act ("FAPA"), 2022 N.Y. Laws Ch. 821, "extends the ability to file claims related to ongoing misconduct or fraudulent concealment by the lender" and "Plaintiff's allegations involve such misconduct." Pl.'s Obj. 2. However, the FAPA pertains to the limitations period under New York law for actions brought by a lender to foreclose on a mortgage. *See Windward Bora LLC v. Lungen*, No. 22-CV-4743 (VB) (JCM), 2023 WL 9100340, at *4 n.9

4

(S.D.N.Y. Aug. 29, 2023) (explaining that the FAPA was enacted in 2022 "to prevent tolling of the statute of limitations on foreclosure actions after commencement of a lawsuit to recover on overdue debt"), *report and recommendation adopted*, 2023 WL 8600699 (S.D.N.Y. Dec. 12, 2023), *appeal dismissed sub nom. Windward Bora LLC v. Sterling Nat'l Bank*, No. 24-94, 2024 WL 3335071 (2d Cir. May 3, 2024).  Plaintiff also cites *Weingot v. Unison Agreement Corp.*, No. 21-CV-4542 (JS) (AYS), 2023 WL 5152478 (E.D.N.Y. July 20, 2023), *report and recommendation adopted as modified*, 2024 WL 1191106 (E.D.N.Y. Mar. 20, 2024), which considered and rejected a plaintiff's argument that her TILA claims were timely due to the New York Governor's Executive Order 202.8, which suspended or tolled limitations periods between March 20, 2020 and November 3, 2020.[*]  *See id.* at 4.  To the extent plaintiff argues that his TILA and 2016 mortgage-based RESPA claims are not time-barred due to Executive Order 202.8, that argument fails for the same reason the plaintiff's argument in *Weingot* failed: plaintiff's claims "had already expired when Executive Order 202.8 was issued in March 2020."  *Ibid.*; *see* R. & R. 13–14.  "Nothing in the Executive Order indicates that it is to be retroactively applicable and, by its terms, it cannot be read to revive already expired time limitations."  *Weingot*, 2023 WL 5152478, at *4 (alteration adopted and citation and quotation marks omitted).

Finally, Plaintiff argues that "the ECOA claim should be allowed to be amended for more detailed factual support."  Pl.'s Obj. 3.  Plaintiff's request is consistent with Magistrate Judge Bulsara's recommendation that I grant plaintiff leave to amend his ECOA claim, as well as his non-time-barred RESPA claim.  *See* R. & R. 17.

---

[*] I do not reach the issue dividing "[c]ourts in this Circuit . . . o[f] whether Executive Order 202.8 suspended or tolled time periods to which it applied."  *Loeb v. Cnty. of Suffolk*, No. 22-CV-6410 (HG), 2023 WL 4163117, at *2 (E.D.N.Y. June 23, 2023).

5

**CONCLUSION**

Plaintiff's objections to Magistrate Judge Bulsara's R. & R. are overruled for the reasons set forth above, and having found no clear error in the unobjected-to portions of the R. & R., I adopt the R. & R. in full.  Accordingly, defendants' motion to dismiss is granted.  Plaintiff's claims for recission, injunctive relief, and a declaratory judgment are dismissed without prejudice for lack of subject-matter jurisdiction.  Plaintiff's claims for monetary relief under TILA and Regulation Z, as well as his claims for monetary relief under RESPA arising out of the 2016 mortgage transaction and assignment, are dismissed with prejudice as time-barred.  Plaintiff's RESPA claim for monetary damages arising out of the 2022 mortgage assignment and his ECOA claim are dismissed without prejudice, with leave to amend.  Any amended complaint must be filed within 30 days and limited to the two aforementioned claims.  All further proceedings are stayed for 30 days.  If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: August 27, 2024
       Brooklyn, New York